UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| 2022 MERCEDES-BENZ G63, and | § | |
| | § | |
| 2022 LAMBORGHINI URUS, | § | |
| Defendants. | § | |

**VERIFIED COMPLAINT FOR CIVIL FORFEITURE
IN REM AND NOTICE TO POTENTIAL CLAIMANTS**

The United States of America, Plaintiff, files this action for forfeiture *in rem* against a 2022 Mercedes-Benz G63 and a 2022 Lamborghini Urus and alleges upon information and belief the following:

**JURISDICTION AND VENUE**

1. This Court has subject-matter jurisdiction in this case pursuant to 28 U.S.C. §§ 1345 and 1355.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355(b), 1391(b)(2), and 1395.

**THE DEFENDANT PROPERTIES**

3. The First Defendant Property is a 2022 Mercedes-Benz G63 with VIN: W1NYC7HJ4NX440133 registered to an individual with initials "ES", who is a victim of identity theft.

4. The Second Defendant Property is a 2022 Lamborghini Urus with VIN:

ZPBUA1ZL6NLA20429 registered to an individual with initials "CD", who is a victim of identity theft.

5. The United States alleges that the two vehicles described above (collectively, the "Defendant Properties") are subject to forfeiture because they constitute or are derived from proceeds traceable to wire fraud in violation of 18 U.S.C. § 1343; and because they are property involved in money laundering in violation of 18 U.S.C. § 1957.

## STATUTORY BASIS AND NATURE OF ACTION

6. This is a civil action *in rem* brought to enforce the provisions of 18 U.S.C. §§ 981(a)(1)(A) and/or 981(a)(1)(C). Section 981(a)(1)(A) provides for the forfeiture of "[a]ny property, real or personal, involved in a transaction or attempted transaction in violation of section 1956, 1957…or any property traceable to such property."

7. Section 981(a)(1)(C) provides for the forfeiture of "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to ... any offense constituting 'specified unlawful activity' (as defined in [18 U.S.C.] section 1956(c)(7) of this title), or a conspiracy to commit such offense." A violation of Title 18 U.S.C. § 1343 (wire fraud) constitutes "specified unlawful activity," pursuant to 18 U.S.C. § 1956(c)(7)(A).

## FACTS

8. Based on the evidence discovered during its investigation, the United States has reason to believe that the Defendant Properties were purchased with the proceeds of wire fraud (money from compromised financial services company investment accounts); and that each purchase transaction violated Section 1957 because each financial transaction contained more than $10,000 in wire fraud proceeds.

## FIRST DEFENDANT PROPERTY

9. The 2022 Mercedes-Benz G63 (the "Mercedes") was stopped by the Frisco Police Department near Frisco, Texas, on February 6, 2025. The driver, later determined to be Chiaka Oguadinma, presented an Arizona driver's license bearing number RXXXXX982 with the name "CHA." The Arizona driver's license was flagged in the National Law Enforcement Telecommunication System with an "impostor notification." Oguadinma, who had outstanding warrants, was arrested and charged with felony forgery and three additional misdemeanor crimes. Diplomatic Security Services was notified about the arrest, and the Mercedes was impounded in the Eastern District of Texas.

10. An investigation has determined that the Mercedes was purchased in full in August 2023 with a wire transfer and was titled and registered in the identity of an individual with initials "ES." The true "ES" was located by the Diplomatic Security Services and confirmed that he did not purchase the Mercedes, nor did he authorize the use of his identity to facilitate the purchase of the vehicle. ES appears to be a victim of an identity theft and money laundering scheme.

11. The Mercedes was purchased at a vehicle dealership located in Houston, Texas (the "Dealership"), which is within the jurisdictional boundaries of the Southern District of Texas. Diplomatic Security Services spoke with a Dealership representative, who confirmed that Oguadinma accompanied a second individual who presented a Georgia driver's license containing personal identifying information belonging to "ES" to complete the purchase.

12. Law enforcement further determined that previously, an investment account at a financial services company had been compromised ("Investment Account 1"). On or about

July 19 and July 23, 2023, funds were fraudulently transferred from Investment Account 1 via wire transfer and into a newly established PNC business account held in the name of COMPANY 1. These transactions of wire fraud proceeds were in the amounts of $500,000 and $435,000. The investigation further traced $300,000 of those funds through a wire transfer from the PNC Bank COMPANY 1 account to a US Bank account in the name of COMPANY 2. From the US BANK account of COMPANY 2, the funds were wire transferred into a COMPANY 2 bank account held at the Bank of the West.

13. On or about August 2, 2023, a wire transfer in the amount of $222,500 in wire fraud proceeds was sent to the Dealership from the COMPANY 2 Bank of the West Account. This transaction funded the purchase of the Mercedes, the same vehicle Oguadinma was arrested in by Frisco police.

14. PNC Bank investigators provided still images of an African American male who bears a strong resemblance to Oguadinma. This person visited the branch ATM and teller windows opening the COMPANY 1 account using a counterfeit California driver's license. Based on branch video footage review, PNC Bank investigators determined that the same person conducted all the transactions out of the COMPANY 1 account.

15. The owner of Investment Account 1 filed a police report regarding the fraudulent and unauthorized movement of his funds, some of which were directly traced to the purchase of the Mercedes. The financial institutions involved also reviewed the transactions and money flow and independently concluded that the financial services company account owner was a victim of identity theft and account takeover acts.

## SECOND DEFENDANT PROPERTY

16. Investigators obtained a search warrant for Oguadinma's apartment in February 2025 and discovered that Oguadinma drove a 2022 Lamborghini Urus (the "Lamborghini"). The search of the Lamborghini discovered more than 100 counterfeit or fraudulently obtained state driver licenses, foreign passports, and credit cards bearing photos of Oguadinma and his co-conspirators, including the individual purporting to be ES as referenced above and the individual purporting to be CD.

17. Investigation has determined that in May 2024, the Lamborghini was also purchased at the Dealership in Houston, Texas. Law enforcement spoke with a Dealership representative, who confirmed that Oguadinma accompanied a second individual who presented a Connecticut driver's license containing personal identifying information for "CD" to complete the purchase. Oguadinma presented himself as a "broker" for the purchaser.

18. Diplomatic Security Services traced the purchase of the Lamborghini to a PNC Bank business account held in the name of COMPANY 3, with CD listed as the authorized signer. Diplomatic Security Services located and spoke with the true "CD." CD confirmed that he did not purchase the Lamborghini, nor did he authorize the use of his identity to facilitate the purchase. CD also reported that did not open, own or otherwise know about the business account on which he was an authorized signor, nor did he authorize any other person to open the account with his identifying information.

19. After speaking with a representative of the financial services company referenced in Paragraph 12, Diplomatic Security Services determined that an unauthorized wire transfer of $250,000 from a different compromised financial account ("Investment

Account 2") was used to fund the COMPANY 3 account at PNC Bank. Investigation has determined that the owner of Investment Account 2 was a victim of identity theft and account takeover acts.

20.     The COMPANY 3 account was opened at PNC Bank in March 2024 with a $100 cash deposit.  The account remained dormant until on or about May 29, 2024, when approximately $250,000 was fraudulently transferred in from the compromised Investment Account 2. On May 31, 2024, a wire transfer in the amount of $238,500 was sent to the Dealership from the COMPANY 3 account to purchase the Lamborghini.

## CONCLUSION

21.     Based on the facts discovered during the investigation, and under the totality of the circumstances, the United States has reasonable cause to believe that the two Defendant Properties were purchased with the proceeds of wire fraud and are property involved in money laundering. The Defendant Properties are therefore subject to forfeiture under 18 U.S.C. § 981(a)(1)(A) and/or 18 U.S.C. § 981(a)(l)(C).

22.     The United States will serve direct notice, along with a copy of the Complaint, on any persons who reasonably appear to be potential claimants.

## NOTICE TO ANY POTENTIAL CLAIMANTS

YOU ARE HEREBY NOTIFIED that if you assert an interest in the Defendant Properties subject to forfeiture and want to contest the forfeiture, you must file a verified claim which fulfills the requirements set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

The verified claim must be filed no later than 35 days from the date this

Complaint was sent to you in accordance with Rule G(4)(b); or, if this Complaint was not sent to you, no later than 60 days after the first day of publication of notice on an official government forfeiture internet site, in accordance with Rule G(5)(a)(ii)(B).

An answer or motion under Rule 12 of the Federal Rules of Civil Procedure must be filed no later than twenty-one (21) days after filing the verified claim. The claim and answer must be filed with the United States District Clerk for the Southern District of Texas, either electronically or at the United States Courthouse, 515 Rusk Avenue, Houston, Texas 77002. A copy must be served upon the undersigned Assistant United States Attorney at the United States Attorney's Office, 2300 Louisiana, Ste. 2300, Houston, Texas 77002.

## RELIEF REQUESTED

The United States seeks a final judgment, pursuant to 18 U.S.C. §§ 981(a)(1)(A) and/or 981(a)(1)(C), forfeiting the Defendant Properties to the United States; and requests any other relief to which the United States may be entitled.

Respectfully submitted,

NICHOLAS J. GANGEI
United States Attorney

By:   /s/ *Anthony Franklyn*
Anthony Franklyn
Assistant United States Attorney
Federal Bar Number 3380634
Texas Bar Number 24091754
1000 Louisiana Street, Suite 2300
Houston, Texas 77002
Phone: (713) 582-4766
Anthony.Franklyn@usdoj.gov

## VERIFICATION

I, Tom Huszcza, a Special Agent with the Diplomatic Security Service, declare under penalty of perjury, as provided by 28 U.S.C. § 1746, that I have read the foregoing Verified Complaint for Civil Forfeiture In Rem and Notice to Potential Claimants, and that the facts stated therein are based upon my personal knowledge, upon information obtained from other law enforcement personnel, or upon information I obtained in the course of my investigation. Those facts are true and correct to the best of my knowledge and belief.

Executed on the  11  day of March 2025.

_____
Tom Huszcza, Special Agent
Diplomatic Security Services